**UNITED STATES of America, Appellee,**

v.

**Michael Eugene WALKER, Appellant.**

**No. 90–1968.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1990.

Decided Nov. 23, 1990.

Timothy McCarthy, II, Des Moines, Iowa, for appellant.

Linda R. Reade, Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, FAGG, Circuit Judge, and LARSON,* Senior District Judge.

PER CURIAM.

Michael Walker appeals the district court's [1] judgment upholding a jury verdict in which Walker was convicted of forcing a person to accompany him during the course of a bank robbery in violation of 18 U.S.C. § 2113(e) (1988). Walker contends the evidence was insufficient, arguing that he did not force a bank teller to give him a ride away from the bank after the robbery. We affirm.

On February 12, 1990, Walker robbed the Union Bank and Trust of Ottumwa, Iowa. He entered the bank and asked to see the manager about a check problem. Upon meeting the acting manager he handed her a note demanding money, and at one point exhibited a gun. He also demanded the manager's car keys, but when she stated she had no keys, Walker told her to instruct an employee to give him a ride. The manager handed Walker's note to a teller, and instructed the teller to get the money. When the teller returned with the money the manager told the teller "you need to drive him down the street." The teller headed toward the door and Walker followed. Up to this point Walker had not spoken to the teller, and the manager did not inform the teller that a robbery was in progress.

Walker was arrested shortly after the robbery and was indicted for bank robbery, 18 U.S.C. § 2113(a) (1988), and for forcing the bank teller to accompany him in his escape, 18 U.S.C. § 2113(e). Walker pled guilty to the robbery charge but went to trial on the forcible detainer. The jury found him guilty and the district court merged the two convictions and sentenced him to ten years on the more severe charge of forcible detainer.[2]

Walker argues the evidence is insufficient to sustain the conviction under section 2113(e) because he did not force the teller to accompany him. Section 2113(e) provides that a person who, in the course of bank robbery or escape, "forces any person to accompany him without the consent of such person," shall be guilty of a crime.

Walker asserts the teller did not know a bank robbery was in progress and simply was following her supervisor's instruction to give a customer a ride. Walker never exhibited the weapon to the teller, never made any threatening gestures, and neither he nor the manager ever told the teller what was happening. Contradicting this scenario, however, is the testimony of the teller, who stated she deduced what was happening from the manager's expression and from reading Walker's note.

The teller's testimony indicates she felt compelled under the circumstances to give Walker a ride. Walker testified that the teller looked scared, kept her eyes looking downward, and pleaded with Walker not to

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable William C. Stuart, United States District Judge for the Southern District of Iowa.

2. We suggest a more appropriate procedure would have been to sentence the defendant on both counts and to order the sentences to run concurrently. If the concurrent sentence rule could have been applied this appeal might have been obviated.

hurt her when they left the bank. The jury reviewed this evidence and found Walker guilty. Based on our standard of review, considering the evidence in the light most favorable to the government, we find the evidence sufficient to support the verdict.[3] *United States v. Karunatileka*, 820 F.2d 961, 965 (8th Cir.1987).

The judgment of conviction is affirmed.

---

**3.** The case of *Coon v. United States,* 360 F.2d 550 (8th Cir.), *cert. denied,* 385 U.S. 873, 87 S.Ct. 145, 17 L.Ed.2d 100 (1966), does not help Walker. In *Coon,* the defendant was convicted under § 2113(e) after he held a bank president's family hostage, exhibited deadly weapons, and made threats of bodily harm. Although the bank president offered to go to the bank with the defendant to open the bank vault, the court found that "[q]uite understandably, Hart would have taken any action to prevent bringing harm to his wife and himself." *Id.* at 553. Although the victim had seen weapons in *Coon,* the court nowhere suggests that the victim must be aware that the defendant has weapons to constitute "force" under § 2113(e).